IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE D.L.T.P.,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03130-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 076-872-485 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Jose D.L.T.P.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"). Dkt. No. 1.

Petitioner turned himself in to immigration authorities after entering the United

States in 2023, and he was then released on his own recognizance. *Id.* at pg. 2.

Petitioner reported to all his check-ins at a U.S. Immigration and Customs Enforcement

("ICE") filed office, and nothing suggests that he otherwise violated any of the

conditions of his release. *Id.* During one check-in, ICE agents arrested and detained

Petitioner. *Id.* at pg. 7. Petitioner was not told why he was being detained, nor was he

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

provided a hearing.  *Id.*  Petitioner has no criminal convictions, and he has a pending asylum application.  *Id.* at pgs. 7–8.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate, among other things, his constitutional due process rights.  *Id.* at pg. 32.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g., D. v. Robbins*, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 5.  The court appreciates Respondents' timely opposition.  Dkt. No. 7.  Although Respondents maintain that Petitioner's detention is lawful, they make no effort to distinguish this case from those cited above.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Ground One,

2

for the reasons stated in those prior orders.  Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Jose D.L.T.P. (A# 076-872-485) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

3

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.[2]

IT IS SO ORDERED.

DATED:  May 1, 2026, at Honolulu, Hawaiʻi.



Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03130-MWJS; *Jose D.L.T.P. v. Markwayne Mullin,* et al.; ORDER
GRANTING PETITION FOR WRIT OF HABEAS CORPUS

---

[2]     The court previously ordered that Respondents not transfer Petitioner out of this
District.  Dkt. No. 5.  Respondents subsequently opposed that order, arguing that the
court would retain jurisdiction over this matter even if Petitioner were transferred to
another district, and that the court's order "interfere[d] with lawful removal
operations."  Dkt. No. 6, at pgs.1–2.  As already noted, however, Respondents' have
done nothing to distinguish this case from the many cases holding that detaining
Petitioner on the facts presented in this case is unlawful.  To the extent Respondents
move the court to lift its no-transfer order, that motion is DENIED AS MOOT.  The no-
transfer order will be lifted upon Petitioner's release.